IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BODDIE LITTLE, AIS #209583,** | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION NO. 12-00229-KD-B |
| **WARD NELSON,** *et al.*, | : |
| Defendants. | : |

**REPORT AND RECOMMENDATION**

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, a complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After careful consideration, it is recommended that Plaintiff's action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I.   Complaint (Doc. 4).**

The complaint before the Court is a superseding Amended Complaint (Doc. 4), filed at the direction of the Court. The gist of Plaintiff's Amended Complaint is that he was assaulted by prison officials on May 28, 2009, while handcuffed. (Id. at 4). According to Plaintiff, Defendant Sellers, Allen, and Dobbs, officials at Camden Work Center, beat, struck, and kicked him

repeatedly until he begged for his life. (Id. at 5). Plaintiff asserts that he told Defendant Warden Nelson about the beating, but he "failed to act or intervene even though he was aware of this wrongful beating." (Id.). Plaintiff conclusorily alleges that Defendants acted in concert and that there was a conspiracy. (Id. at 4-6). For relief, Plaintiff seeks six million dollars. (Id. at 6).

**II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Plaintiff is proceeding in forma pauperis, the Court is reviewing his Amended Complaint (Doc. 4) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989).[1] A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S. Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th

---

[1] The frivolity and the failure-to-state-a-claim analysis contained in Neitzke was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). Id. at 1348-49.

Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S. Ct. at 1965, 1966 (second brackets in original)(citations omitted). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. Jones v. Bock, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007).

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S.

3

519, 520, 92 S. Ct. 594, 595-596, 30 L. Ed. 2d 652 (1972). The court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Invs. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 701, 710 (11th Cir. 2010) (relying on Iqbal, 566 U.S. 662, 129 S. Ct. 1937). Furthermore, the court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. Iqbal, 566 U.S. at 681, 129 S. Ct. at 1951. In addition, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**III. Discussion.**

As noted, Plaintiff claims that on May 28, 2009, Defendants acted in concert to deprive him of his constitutional rights "by excessively beating [him] while in handcuffs[.]" (Doc. 4 at 4). For the reasons discussed below, Plaintiff's excessive force claim is barred by the statute of limitations.

The statute of limitations for a § 1983 action is borrowed from a state's general or residual statute of limitations for personal injury actions, Wallace v. Kato, 549 U.S. 384, 387, 127 S. Ct. 1091, 1094, 166 L. Ed. 2d 973 (2007); Owens v. Okure, 488

4

U.S. 235, 239, 109 S. Ct. 573, 576, 102 L. Ed. 2d 594 (1989), because § 1983 does not contain a statute of limitations. Id. at 249-50, 109 S. Ct. at 582. Alabama's two-year statute of limitations for personal injuries is the statute of limitations used for § 1983 actions filed in Alabama. Lufkin v. McCallum, 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.), cert. denied, 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l).

Even though state law determines the length of the limitations period, federal law governs when the statute of limitations begins to run, that is, when the cause of action accrues. Wallace, 549 U.S. at 388, 127 S. Ct. at 1095. Under federal law, "[accrual occurs] when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief[.]" Id. (brackets in original) (citations and quotation marks omitted); see Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987) (a section 1983 action accrues when a person with a reasonable regard for his rights is aware or has reason to know that he has been injured).

Therefore, considering the tenor of Plaintiff's allegations, as of May 28, 2009, Plaintiff knew that he was injured.[2] At that time, Plaintiff had a complete cause of action

---

[2] Plaintiff pinpoints May 28, 2009 as the date each Defendant took the complained of action, including Defendant Nelson. (Doc. 4 at 4-5). On the other hand, if Plaintiff intended
(Continued)

5

against Defendants for claims arising from the assault. Plaintiff brought these claims to the Court's attention in 2012 when he signed the original Complaint on March 28, 2012 and mailed the Complaint in an envelope postmarked March 28, 2012.

---

another date for his claim against Defendant Nelson that would not be barred by the statute of limitations, Plaintiff's claims against Defendant Nelson are subject to dismissal on an alternate basis due to the failure to state a claim upon which relief can be granted.

Concerning Plaintiff's substantive allegations against Defendant Nelson, Plaintiff merely alleges that Defendants acted in concert or that there was a conspiracy. No supporting details were provided to show that a conspiracy existed. See Twombly, 550 U.S. at 564, 127 S. Ct. at 1970 (finding that a plausible conspiracy claim was not pled when the allegations consisted only of a conclusory assertion of a conspiracy and of allegations that paralleled legitimate conduct). In the absence of supporting facts tending to show that such a claim is plausible, Plaintiff has failed to state a conspiracy claim.

In addition, Plaintiff states that when he told Defendant Nelson of the beating, Defendant Nelson failed to act or intervene. These allegations also do not present a plausible claim. The Court is not aware of any duty to act or intervene after a beating has taken place. Cf. Fundiller v. City of Cooper City, 777 F.2d 1436, 1442 (11th Cir. 1985) ("an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance"); Crenshaw v. Lister, 556 F.3d 1283, 1294 (11th Cir. 2009) (ruling the non-intervening officer must be in a position to intervene and did not do so in order for liability to exist). If Plaintiff intended to allege another claim, such as a failure to investigate, he did not plead it. Nevertheless, the failure to investigate does not violate the Constitution. See Vinyard v. Wilson, 311 F.3d 1340, 1356 (11th Cir. 2002) (finding that there is no substantive right to an investigation of an excessive force claim). Accordingly, Defendant Nelson is due to be dismissed on the alternate basis for Plaintiff's failure to state a claim upon which relief can be granted against him.

6

(Doc. 1 at 7-8). Thus, March 28, 2012 is being treated as the date of the Complaint's filing inasmuch as a prisoner's complaint is deemed to be filed when he gives the complaint to prison officials. Houston v. Lack, 487 U.S. 266, 276, 108 S. Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988) (a prisoner's pleading is deemed filed when the prisoner "deliver[s] it to the prison authorities for forwarding to the court clerk"); Garvey v. Vaughn, 993 F.2d 776, 783 (11th Cir. 1993) (extending Houston to § 1983 actions filed by pro se prisoners). As a consequence, the Court finds that Plaintiff filed this action beyond the two-year period from when his claims accrued on May 28, 2009. Accordingly, Plaintiff's claims are barred by the two-year statute of limitations and are due to be dismissed with prejudice as frivolous. Clark v. Ga. Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990) (when an affirmative defense, such as the statute of limitations, would defeat a claim, the claim may be dismissed as frivolous); cf. Bock, 549 U.S. at 215, 127 S. Ct. at 920-21 (when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, a complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim).

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The instructions that follow the undersigned's signature contain important information regarding objections to the Report and Recommendation of the Magistrate Judge.

**DONE** this **1st** day of **August, 2012.**

                                              **/s/ SONJA F. BIVINS**
                                        **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1. **<u>Objection</u>**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[3] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).

9

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72.

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    **DONE** this **1st** day of **August, 2012**.

                                           **/s/ SONJA F. BIVINS**
                                     **UNITED STATES MAGISTRATE JUDGE**